**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| WESLEY JEFFERSON, | : | |
| | : | Civil Action No. 16-9489(RMB) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| | : | |
| DARLENE DEAMER, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**BUMB**, District Judge:

Plaintiff Wesley Jefferson, a prisoner confined at Southern State Correctional Facility in Delmont, New Jersey, seeks to bring this civil rights action in forma pauperis. Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a), and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

I. BACKGROUND

1

Plaintiff's Statement of Claims is as follows:

> On [December 7, 2016], I went to the infirmary because I wasn't feeling well. I'm a diabetic and it was determined that my sugar was too high. The nurse practitioner overmedicated me with insulin. 911 was called and an ambulance took me to Vineland Hospital for 24 hours.

(Compl., ECF No. 1, ¶6.)  Plaintiff named the following defendants in the Complaint:  Darlene Deamer, Nurse Practitioner; Dr. Jeffrey Pomerantz, supervisor of the medical staff at Southern State Correctional Facility; Southern State Correctional Facility Nurse Staff; and Rutgers University. (Id., ¶4 and caption.)

II. STANDARDS FOR A SUA SPONTE DISMISSAL

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.)

"[A] court must accept as true all of the allegations contained in a complaint." Id. A court need not accept legal conclusions as true. Id. Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002). A court must liberally construe a pro se complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

III. SECTION 1983 CLAIMS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured

3

>     in an action at law, suit in equity, or
>     other proper proceeding for redress.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255–56 (3d Cir. 1994).

    A.   Darlene Deamer

Petitioner alleges Nurse Deamer overmedicated him when treating his diabetes, causing him to be taken to the hospital for 24 hours.  The Eighth Amendment's prohibition against cruel and unusual punishment requires that inmates are provided adequate medical care.  Estelle v. Gamble, 429 U.S. 97, 103-05 (1976); Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).  To state a claim of inadequate medical care in violation of the Eighth Amendment, an inmate must set forth:  (1) a serious medical need; and (2) a prison official's deliberate indifference to that serious medical need.  Estelle, 429 U.S. at 106.  A serious medical need includes a need for which "denial of treatment would result in the unnecessary and wanton infliction of pain" or a "life-long handicap or permanent loss."

Atkinson v. Taylor, 316 F.3d 257, 273 (3d Cir. 2003) (internal quotations and citations omitted).

The second element of the Estelle test is subjective and requires an inmate to show that a prison official acted with deliberate indifference to a serious medical need. Natale v. Camden County Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003). Conduct that constitutes malpractice or negligence does not rise to the level of deliberate indifference; deliberate indifference is a reckless disregard of a known risk of harm. Farmer v. Brennan, 511 U.S. 825, 836 (1994).

A claim of overmedication sounds in malpractice, not deliberate indifference. Acosta v. United States Marshal's Serv., 445 F.3d 509, 514–15 (1st Cir. 2006). Therefore, the Court will dismiss Plaintiff's § 1983 claim against Deamer.[1] If Plaintiff seeks to bring a malpractice claim against Deamer under the New Jersey Tort Claims Act, N.J.S.A. 59:1–1 *et seq.*, he must file his complaint in state court after meeting the notice requirements of the Act, N.J.S.A. 59:8-8(a).

B.  Dr. Jeffrey Pomerantz

---

[1] Dismissal of this claim will be without prejudice. If Plaintiff can allege facts that plausibly suggest Nurse Deamer intentionally overmedicated him to cause him pain and suffering, he may state a § 1983 claim for deliberate indifference to his serious medical needs. If Plaintiff can allege a viable § 1983 claim, this Court may exercise supplemental jurisdiction over any state law malpractice claims.

5

Plaintiff asserts that Dr. Pomerantz oversees all of the medical staff at Southern State Correctional Facility. (Compl., ECF No. 1, ¶4(c). There is no respondeat superior liability under § 1983. See Iqbal, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior.") Therefore, the Court will dismiss the claim against Dr. Pomerantz.[2] If Plaintiff seeks to hold Dr. Pomerantz liable for Nurse Deamer's alleged malpractice, he should file his tort claim in state court.

    C.    <u>Southern State Correctional Facility Nurse Staff and Rutgers University</u>

Plaintiff has not alleged any basis for liability of the Southern State Correctional Facility Nurse Staff or Rutgers University. The only fact Plaintiff alleged in support of his Complaint is that Nurse Deamer overmedicated him for diabetes. If Petitioner seeks to hold these entities liable for the alleged malpractice of Nurse Deamer, he should bring his claims in state court under the New Jersey Tort Claims Act. The Court

---

[2] Dismissal of this claim will also be without prejudice. If Plaintiff can allege a viable § 1983 claim against Nurse Deamer, and he can allege facts showing Dr. Pomrantz was personally involved in the unconstitutional conduct, he may bring these claims in an amended complaint. *See Sample v. Diecks*, 885 F.2d 1099, 1114-118 (3d Cir. 1989) (describing elements of a claim for liability of a supervisor based on personal involvement in constitutional misconduct).

6

will dismiss the claims against these defendants without prejudice.

IV. CONCLUSION

The Court will grant Plaintiff's IFP application. Pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A, the Court will dismiss the § 1983 claims without prejudice.

An appropriate order follows.

Dated: February 28, 2017

                                            <u>s/Renée Marie Bumb</u>
                                            RENÉE MARIE BUMB
                                            United States District Judge